UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>FEDERATION EMPLOYMENT AND<br>GUIDANCE SERVICE, INC. d/b/a FEGS,<br><br>　　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 15-71074(REG) |
| ROBERT N. MICHAELSON, solely in his capacity as CREDITOR TRUSTEE OF THE FEGS CREDITOR TRUST,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>FOJP SERVICE CORPORATION<br><br>　　　　　　　　　　Defendant. | Adv. Proc. No. 17- 08060 (REG) |

## ORDER APPROVING MOTION OF THE TRUSTEE OF THE FEGS CREDITOR TRUST, PURSUANT TO FED. R. BANKR. P. 9019, FOR ENTRY OF ORDER APPROVING SETTLEMENT

Upon consideration of the *Motion of The Trustee of The FEGS Creditor Trust, Pursuant to Fed. R. Bankr. P. 9019, for Entry of an Order Approving Settlement* (the "Motion");[1] and the notice of the Motion having been adequate; and sufficient legal and factual bases existing for the relief requested; and the Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b)(2); and the Court finding that the Agreement was negotiated at arm's length and entered into in good faith by the parties and that the benefits to be derived from the settlement are material and outweigh the risks of the continued pursuit of the adversary proceeding, it is hereby ORDERED that:

　　　　　　　1.　　　　The Motion is GRANTED.

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings given to them in the Motion.

1

2. The Agreement attached as Exhibit A to the Motion is hereby approved pursuant to Bankruptcy Rule 9019.

3. <u>Claim No. 1764</u>, filed in the amount of $1,132,600.02 is hereby reduced to an allowed general unsecured non-priority claim in the amount of $681,813.41, which claim is allowed.

4. <u>Claim No. 2339</u>, filed by the Defendant as an administrative expense claim in the amount of $72,447.93 is not impacted, or are any rights to object to the claim, by the Agreement. Defendant reserves its rights as to any other post-petition administrative claim, which are not impacted by the Agreement, nor is any right of the Debtor to object to any such administrative claim.

5. Any claim the Defendant may be entitled to file pursuant to section 502(h) of the Bankruptcy Code in connection with the Agreement shall be and hereby is disallowed.

6. The Adversary Proceeding shall be and hereby is dismissed with prejudice, and each party to bear its own costs.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.



**Dated: Central Islip, New York**
      **July 28, 2018**

                                                **Robert E. Grossman**
                                              **United States Bankruptcy Judge**